IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rita Childs Getsinger, | ) | C/A No. 3:10-1078-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      The plaintiff, Rita Childs Getsinger, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

      The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

      The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of September 14, 2006, due to

3

diabetes, fibromyalgia, vertigo, and neuropathy. The plaintiff was 52 years old at the time she alleges she became disabled. She has associate degrees in business and computer science, and past relevant work experience as an office clerk.

The plaintiff's applications for DIB and SSI, filed September 18, 2006, were denied initially and upon reconsideration. The ALJ held a hearing and then issued a decision on April 10, 2009, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on April 28, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since September 14, 2006. At step two, the ALJ found that, during the relevant time period, the following impairments were severe: diabetes, peripheral neuropathy, fibromyalgia, dyslipidemia, and obesity. At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ determined that plaintiff's subjective complaints were not fully credible, and that she had the residual functional capacity to perform a reduced range of light work consistent with the ALJ's hypothetical to the vocational expert. At step four, the ALJ determined that plaintiff could do her past work as an office clerk, as the job was actually and generally performed. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.

4

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)     failing to find that the plaintiff had severe impairments related to depression and cognitive dysfunction;

(2)     failing to properly evaluate plaintiff's chronic pain; and

(3)     determining plaintiff's residual functional capacity and finding that plaintiff can perform her past work.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

## DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Plaintiff's Objections to the Report and Recommendation*

In her objections to the Report, the plaintiff contends that the ALJ erred by (1) failing to find that the plaintiff had severe impairments related to depression and cognitive dysfunction; (2) failing to properly assess and evaluate the plaintiff's chronic pain and credibility; and (3) improperly determining the plaintiff's residual functional capacity and finding that she can perform her past work. These are the precise issues that were presented

5

to and addressed by the Magistrate Judge.

Having reviewed the record in light of the plaintiff's objections and under the appropriate standard, the court adopts the Report and concurs with both the reasoning and the result reached by the Magistrate Judge.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 20, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

6